UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERTO CARLOS TERAN RIVERA,

    Petitioner,

v.                                          21-CV-402 (JLS)

JEFFREY SEARLS, et al.,

    Respondents.

---

## DECISION AND ORDER

Petitioner Roberto Carlos Teran Rivera, a native and citizen of Nicaragua, commenced this habeas corpus proceeding under 28 U.S.C. § 2241 on March 18, 2021. Dkt. 1. Teran Rivera also moved for a temporary restraining order and expedited consideration of that motion. Dkts. 3, 4.

Teran Rivera seeks an order from this Court requiring Respondents either to release him so that he can "immediately seek lawful admission to Canada" or to transport him to Canadian border. Dkt. 1, at 30. In the alternative, Teran Rivera seeks a temporary stay of his removal to Nicaragua until this action is decided—with the caveat, however, that the stay have no effect on Respondents' ability to remove him to Canada. *Id.*

For the following reasons, Teran Rivera's petition is dismissed for lack of subject matter jurisdiction. His emergency motions are denied as moot.

## BACKGROUND

I.     **Factual Background**

Teran Rivera is a citizen of Nicaragua who entered the United States without inspection. Dkt. 19, at 2 ¶ 3. Teran Rivera has been removed twice from the United States. *See id.* at 2-3 ¶¶ 5-6 (apprehended in Arizona on June 21, 2011 and removed to Mexico pursuant to a final order of removal on July 20, 2011); *id.* at 3 ¶¶ 7-9 (encountered in Texas on April 4, 2019 and removed to Nicaragua on May 2, 2019 through the reinstatement of his prior removal order).

Teran Rivera was again detained on January 6, 2021, while attempting to enter Canada from the United States. Dkt. 19, at 3 ¶ 10; Dkt. 1, at 5 ¶¶ 4-5. He advised the Department of Homeland Security ("DHS") that he entered the United States about one month earlier. Dkt. 19, at 2 ¶ 3; Dkt. 19-2, at 10. According to Respondents, when Teran Rivera was encountered, he provided a fabricated name and claimed to be a citizen of Mexico. Dkt. 19, at 2 ¶ 4; Dkt. 19-2, at 10.

Teran Rivera states that he entered Canada through Roxham Road in Champlain, New York. Dkt. 1, at 11 ¶ 23. He was "apprehended by Canadian law enforcement officials and transported within Canada to the official port-of-entry." *Id.* The Canada Border Services Agency "commenced processing his application to enter Canada, collected his biometric and biographic information, and issued him a Canadian immigration identification number." *Id.* The Canada Border Services Agency then "drove [him] back to the United States and delivered him" to DHS agents. *Id.* at 12, ¶ 26. He ultimately was transferred to the Buffalo Federal

2

Detention Facility, where he remains detained. *Id.* at 9 ¶ 16; *id.* at 12 ¶ 26. He is subject to removal through the reinstatement of his prior removal order. *Id.* at 10 ¶ 21; Dkt. 19-1, at 3 ¶ 14; Dkt. 19-2, at 2, 3; Dkt. 19-3, at 6. Teran Rivera states that his wife resides in Canada. Dkt. 1, at 11 ¶ 22; Dkt. 19-2, at 10.

## II.   Procedural History and Teran Rivera's Claims

Teran Rivera filed this petition on March 18, 2021. Dkt. 1. He asks this Court to require Respondents to transport him to Canada or to release him so that he may seek admission to Canada. *Id.* at 30. He also seeks a stay of his removal pending this Court's review, except that he asks the Court to allow Respondents to remove him to Canada, only, notwithstanding any stay. *Id.* Teran Rivera's "core claim is that he never should have been forced inside the United States in the first place, when he had a lawful right to enter Canada, and thereafter should not have been detained (ostensibly for the purposes of deportation) when he wished to immediately self-deport." *Id.* at 26 ¶ 59.

Respondents indicate that Teran Rivera will be removed to Nicaragua on April 29, 2021. Dkt. 20. Teran Rivera argues that substantive due process requires his "release (and facilitation of immediate self-deportation to Canada)," and that substantive and procedural due process require his transfer to the Canadian border. Dkt. 1, at 29 ¶ 64. He asserts that Respondents' actions ignore the January 20, 2021 DHS Memorandum, *see id.* at 30 ¶ 72, and that he is entitled to relief under the Safe Third Country Agreement ("STCA"), *see id.* at 5 ¶ 4; *id.* at 12-13 ¶¶ 27-28. He also argues that Respondents' decision to "force" him into the United States and

3

"prevent his self-deportation to Canada offends the Suspension Clause" of the Constitution. *Id.* at 25.

The Court ordered the parties to address this Court's subject matter jurisdiction. Dkt. 8. On March 26, 2021, Respondents moved to dismiss for lack of subject matter jurisdiction. Dkts. 12, 13. Teran Rivera opposed the motion on April 7, 2021. Dkt. 16. Respondents replied (Dkt. 19), and Teran Rivera filed a surreply (Dkt. 24).

On March 18, 2021, Teran Rivera also moved for a temporary restraining order and to expedite consideration of that motion. Dkts. 3, 4. On March 22, 2021, based upon a status report from Teran Rivera, the Court held those emergency motions in abeyance pending its determination on subject matter jurisdiction. Dkt. 11. Because the Court now dismisses Teran Rivera's petition for lack of subject matter jurisdiction, those emergency motions are denied as moot.

## DISCUSSION

### I. Jurisdiction

As a threshold matter, this Court must determine whether it has jurisdiction over this action. Respondents argue for dismissal on the basis that 8 U.S.C. § 1252(a)(5), 8 U.S.C. § 1252(b)(9), and 8 U.S.C. § 1252(g) strip this Court of jurisdiction to stay Teran Rivera's removal and to review his challenge to ICE/DHS's discretionary authority to execute orders of removal. *See* Dkt. 12, at 1-5; *see generally* Dkt. 13.

4

Teran Rivera argues that he does not challenge Respondents' "discretionary decision to choose to execute removal of a removable individual." Dkt. 1, at 16 ¶ 37. Rather, he purports to challenge first Respondents' "decision to force [him] into the interior of the United States, and subsequently the manner in which any discretion they may have is being executed." *Id.* He argues that these claims fall "squarely within this Court's subject matter jurisdiction." *Id.*

Teran Rivera argues that 8 U.S.C. § 1252(g) bars neither his challenge to "ICE's decision to force [him] *into* the United States in the first place" nor his challenge to "the manner in which ICE exercises such discretion thereafter." *Id.* at 18 ¶ 41. Teran Rivera also argues that 8 U.S.C. § 1252(a)(5) or (b)(9), "which strip federal courts of jurisdiction to review challenges to an order of removal[,] do not apply in this case" because his petition neither challenges the validity "of any administrative order of removal" nor Respondents' "discretionary authority to decide to execute removal against a removable alien." *Id.* at 24 ¶¶ 54- 55. Rather, Teran Rivera asserts that his challenge is constitutional in nature. *Id.* at 24 ¶ 55.

In addition, Teran Rivera argues that Respondents' interpretation of 8 U.S.C. § 1252(a)(5), 8 U.S.C. § 1252(b)(9), and 8 U.S.C. § 1252(g) would violate the Constitution's Suspension Clause. He argues that he has a right to habeas relief under the Suspension Clause, as well as under the Due Process Clause of the Fifth Amendment, notwithstanding the statutory jurisdiction-stripping provisions. *See* Dkt. 1, at 25-28 ¶¶ 57-64; *see also* Dkt. 16, at 17-18; Dkt. 24, at 15.

The REAL ID Act of 2005 mandates that judicial review of all administratively final orders of removal take place exclusively in the courts of appeals: "[n]otwithstanding any other provision of the law (statutory or nonstatutory) . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." 8 U.S.C. § 1252(a)(5). This provision "clearly preclude[s] [a] district court's entertaining of a direct challenge to a removal order." *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011). In *Delgado*, the Second Circuit held that prohibition "applies equally to preclude . . . an indirect challenge" to a removal order. *Id.* Whether a suit against immigration authorities is a challenge to a removal order will "turn on the substance of relief that a plaintiff is seeking." *Id.* (holding, in mandamus action to compel an adjudication on the merits of her I-212 application, that the relief the petitioner sought was an indirect challenge to an order of removal).

Also relevant to this Court's habeas jurisdiction is 8 U.S.C. § 1252(g), which provides that, "[n]otwithstanding any other provision of law (statutory or nonstatutory), including any . . . habeas corpus provision . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, *or execute removal orders against any alien*" (emphasis added).

This Court does not have subject matter jurisdiction to address Teran Rivera's request for a stay of his removal. Dkt. 1, at 30. This Court concludes, as have numerous courts in this Circuit and others, that Section 1252 deprives district courts of jurisdiction over requests to stay orders of removal.[1] *See Hassan*, 2021 WL 395546, at *3 (dismissing petition that sought either a stay of removal or an order directing petitioner's removal to Canada for lack of subject matter jurisdiction); *Ahmed v. Barr*, No. 20-CV-395 (JLS), 2020 WL 2395694, at *2 (W.D.N.Y. May 12, 2020) (dismissing petition that sought a stay of removal for lack of subject matter jurisdiction); *Scott v. Napolitano*, 618 F. Supp. 2d 186, 191 (E.D.N.Y. 2009) ("[T]hese provisions of § 1252 operate to strip district courts of jurisdiction to stay an order of removal, as well."); *Al-Garidi v. Holder*, No. 09-CV-6160L, 2009 WL 1439216, at *1 (W.D.N.Y. May 15, 2009) ("This Court and other district courts throughout the country have routinely held that because district courts have no jurisdiction to review final orders of removal, they have no jurisdiction to review requests for stays of removal.") (collecting cases); *Ashqar v. Hott*, No. 1:19-cv-716, 2019 WL 2712276, at *4 (E.D. Va. June 5, 2019) (Section 1252(g) barred jurisdiction because petitioner's motion to stay removal pending adjudication of his motion to reopen sought review of the execution of a removal order). *But see You, Xiu Qing v.*

---

[1] Section 1252(g) also strips the Court of jurisdiction to review Teran Rivera's Administrative Procedure Act claims. *See* Dkt. 1, at 16-17 ¶¶ 38-39; *see also Hassan v. Feeley*, No. 21-cv-82 (JLS), 2021 WL 395546, at *3 n.2 (W.D.N.Y. Feb. 4, 2021); *E.F.L. v. Prim*, 986 F.3d 959, 965 (7th Cir. 2021) ("The APA is inapplicable because § 1252(g) precludes judicial review and because DHS's decision to execute [petitioner's] removal order is discretionary.") (citations omitted).

7

*Nielsen*, 321 F. Supp. 3d 451, 458 n.5, 460 (S.D.N.Y. 2018) (granting petitioner a stay of removal and rejecting various arguments that Section 1252 strips the court of jurisdiction in light of *Jennings* and its rejection of "broad readings" of the statute's jurisdiction-stripping provisions).

Teran Rivera also asks the Court to declare that he not be removed to any country except for Canada. Sections 1252(a)(5) and (g) deprive the Court of jurisdiction over this request for relief, which "threaten[s] the execution of the removal order and challenge[s] ICE's discretionary decision to remove him to [Nicaragua]" pursuant to 8 C.F.R. § 1240.12(d). *See Bumu v. Barr*, No. 6:20-CV-06742-EAW, 2020 WL 6465433, at *1, *3 (W.D.N.Y. Nov. 3, 2020). Because his request would prevent the implementation of his removal order, it falls beyond the Court's jurisdiction. *See Hassan*, 2021 WL 395546, at *4 (concluding the court lacked jurisdiction to direct that the petitioner not be removed to any country except for Canada); *Bumu*, 2020 WL 6465433, at *1, *3 (concluding the court lacked jurisdiction to stay the petitioner's removal to Mali where the petitioner argued that he was from Sierra Leonne and his removal to Mali would violate his constitutional rights); *Tonfack v. Att'y Gen. U.S.*, 580 F. App'x 79, 81 (3d Cir. 2014) (affirming district court's determination that it lacked jurisdiction over Section 2241 petition and rejecting petitioner's argument that his petition, in which he argued that "Cameroon is not a proper country of removal," was "independent of his removal order").

Section 1252 also strips this Court of subject matter jurisdiction to review Teran Rivera's argument that Respondents "acted unlawfully" by detaining him when Canadian authorities "turned [him] over to U.S. authorities." *See* Dkt. 1, at 5 ¶ 4 (arguing that "at the moment he was turned over to U.S. authorities, [he] had the immediate lawful right to seek admission back into Canada . . . ."); *see also Danglar v. Hassel*, No. 19-14948-D, 2020 U.S. App. LEXIS 9500, at *1-3 (11th Cir. Mar. 26, 2020) (concluding that the district court did not err in dismissing petitioner's Section 2241 petition where he argued, in part, that his detention and removal order were unconstitutional because he had been illegally seized). As Teran Rivera acknowledges, Respondents' "decision to bring him into the United States" is "the factual predicate to the order of removal being enforceable." Dkt. 1, at 22, ¶ 49. Thus, Respondents' decisions "to take [Teran Rivera] into custody and to detain [him] pending [his] removal proceedings were closely connected to the decision to commence removal proceedings." *See Cho v. United States*, No. 5:13-CV-153 (MTT), 2016 WL 1611476, at *7 (M.D. Ga. Apr. 21, 2016). Accordingly, Teran Rivera's claim that he was unlawfully brought into the United States falls outside of this Court's jurisdiction. *See id.* (dismissing alien's claims that that she was "falsely arrested when she was taken into ICE custody" for lack of subject matter jurisdiction based upon Section 1252(g)).

Teran Rivera also argues that "the challenged governmental actions which have culminated in [his] detention" implicate the STCA. Dkt. 16, at 4; *see also* Dkt. 1, at 5 ¶ 4; *id.* at 12-13 ¶¶ 27-28. He purports to have rights under the STCA that

9

allow him to self-deport to Canada. Dkt. 16, at 5. This Court lacks jurisdiction over such a claim, as well. *See Bansci v. Nielsen*, 321 F. Supp. 3d 729, 736 (W.D. Tex. 2018) (dismissing petition for lack of subject matter jurisdiction where petitioners sought to have their removal orders vacated on the basis that they did not receive a credible fear interview based upon a "procedurally flawed" STCA screening interview).

Respondents argue that Teran Rivera's challenge to his removal order as violative of the STCA can be brought only in a petition for review to the Second Circuit. Dkt. 19-3, at 8-9. The Court agrees. *See* 8 U.S.C. § 1252(a)(5); *see also Anekwu v. Barr*, 806 F. App'x 317, 318 (5th Cir. 2020) ("appellate review of determinations about the [STCA] is limited" but "extends to pure questions of law"); *Lopez-Jaime v. Adducci*, No. 2:19-CV-11010-TGB, 2019 WL 2325677, at *2 (E.D. Mich. May 31, 2019) ("The courts of appeals have jurisdiction to review questions of law arising from the reinstatement of a removal order, in the same way that it has jurisdiction to review the removal order itself.").

The January 20, 2021 DHS Memorandum does not alter the Court's jurisdiction in this case. For the reasons explained above, the Court lacks jurisdiction to review the January 20, 2021 DHS Memorandum as applied to Teran Rivera. *See Hassan*, 2021 WL 395546, at *4 n.3. Teran Rivera's request to provide further briefing on the matter is denied. Dkt. 1, at 28 ¶ 66.

## II. Suspension Clause

The conclusion that Section 1252 strips district courts of jurisdiction does not end the analysis. Teran Rivera asserts an additional, constitutional claim: specifically, if 8 U.S.C. § 1252 is interpreted to preclude jurisdiction over this type of habeas petition, then the statute results in an unconstitutional suspension of the writ of habeas corpus. *See* Dkt. 1, at 25 ¶¶ 57-64; Dkt. 16, at 15.

The Suspension Clause provides that, "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless in cases of rebellion or invasion the public safety may require it." U.S. Const. art. I, § 9, cl. 2. In arguing that the Suspension Clause is implicated, Teran Rivera claims that he "wishes only to be released." Dkt. 1, at 28 ¶ 64. His proposed relief, in reality, is not so narrow. He wants to be released to Canada, specifically; he asks to be transported to the Canadian border. Alternatively, he asks for release into the United States with the "proviso that if [he] does not immediately self-deport [to Canada], his civil immigration detention would become unlawful." *Id.* at 27 ¶ 61 (emphasis omitted). Regardless of how he styles his request for "release," the relief he seeks is clear: release to Canada, only—not unqualified release into the United States, and not removal to Nicaragua. *See, e.g., Dep't of Homeland Sec. v. Thuraissigiam*, ___ U.S. ___, 140 S. Ct. 1959, 1970 (2020).

Accordingly, Teran Rivera's case does not implicate the Suspension Clause because the relief he seeks falls outside of the scope of the traditional habeas remedy of release. *See generally Thuraissigiam*, 140 S. Ct. 1959; *see also Hassan*,

2021 WL 395546, at *4 (concluding that the Suspension Clause was inapplicable because petitioner's request for removal to a certain country fell outside of the scope of traditional habeas relief); *Prim*, 986 F.3d at 965 ("[T]he Suspension Clause is inapplicable because [petitioner's] habeas petition does not contest the lawfulness of restraint or seek to secure release from custody; it instead vies for her right to remain in the United States or to obtain administrative review potentially leading to that result.") (citations, quotations, and alterations omitted). Because Teran Rivera does not seek habeas release, the Court need not consider whether any adequate alternatives for habeas corpus relief exist as applied to him.[2] *See*

---

[2] Even if Teran Rivera were seeking traditional habeas release, requiring this Court to address whether an adequate substitute for habeas relief existed, the Court is doubtful that Teran Rivera has met his burden of showing that no such adequate substitute exists. Teran Rivera appears to have adequate substitute processes available to him. For example, courts have concluded that "Congress's petition-for-review process" to a circuit court of appeals provides an adequate substitute for habeas review. *See Hamama v. Adducci*, 912 F.3d 869, 876 (6th Cir. 2018); *see also Barros Anguisaca v. Decker*, 393 F. Supp. 3d 344, 352 (S.D.N.Y. 2019) ("[E]ven if the process leading to [petitioner's] removal were fatally deficient, he has not shown, on the facts here, that the administrative remedies available to him, including, ultimately, a petition for review before the Second Circuit, are an inadequate or ineffective substitute for habeas review."); *Andoh v. Barr*, No. 19 Civ. 8016 (PAE), 2019 WL 4511623, at *4 (S.D.N.Y. Sept. 18, 2019) (rejecting petitioner's Suspension Clause argument because "[t]he federal courts of appeal, whose jurisdiction over removal claims has not been statutorily eliminated, supply an adequate substitute forum in which to seek relief" and review of direct and indirect challenges to an order of removal). Moreover, motions to reopen immigration proceedings before the Board of Immigration Appeals also provide "an adequate and effective mechanism of judicial review." *Bumu*, 2020 WL 6465433, at *2. Noteworthy here is Respondents' argument that any decision by Teran Rivera to "cut off his ability to assert a legal challenge does not amount to a legal violation." *See* Dkt. 19-3, at 9 (arguing that, although an immigration judge has jurisdiction to review whether the STCA applies to an alien, *see Anekwu*, 806 F. App'x at 318 (citing 8 C.F.R. § 1240.11(g)(1)), Teran Rivera waived that option when he declined an immigration

*Hamama*, 912 F.3d at 875-76 (concluding that Section 1252(g)'s jurisdictional limitations did not violate the Suspension Clause for two "independent" reasons—namely, that petitioners did not seek habeas relief and that an "adequate alternative to an action in habeas" existed as applied to them).

In his later briefing, Teran Rivera adds the argument that the Due Process Clause of the Fifth Amendment supplies jurisdiction. Dkt. 16, at 18; Dkt. 24, at 15-17. The Court disagrees. Sections 1252(a)(2)(A) and (e)(2) preclude federal question jurisdiction under 21 U.S.C. § 1331. *See Quintero-Prieto v. Barr*, No. CV-20-01168-PHX-DLR (DMF), 2020 WL 6216949, at *6 (D. Ariz. Sept. 29, 2020), report and recommendation adopted, 2020 WL 6203521, at *1 (D. Ariz. Oct. 22, 2020) (denying and dismissing petition where, in part, the court concluded that the Due Process Clause of the Fifth Amendment did not supply subject matter jurisdiction); *see also Patchak v. Zinke*, ___ U.S. ___, 138 S. Ct. 897, 905 (2018) (holding that a different jurisdiction-stripping statute that "applie[d] '[n]otwithstanding any other provision of law[]' includ[es] the general grant of federal-question jurisdiction, 28 U.S.C. § 1331")). Nor can Teran Rivera create jurisdiction by "re-packag[ing]" his request to limit Respondents' authority to enforce his removal order as a constitutional claim. *See, e.g., Negrete v. Holder*, 567 F.3d 419, 422 (9th Cir. 2009).

The Court recognizes that Teran Rivera's alleged plight is sympathetic on a human level. Under the Constitution and applicable statute, and subject to the

---

judge's review of the decision that he did not have a reasonable fear of persecution or torture).

circuit courts' power to decide petitions for review, the political branches of government—not this Court—have authority to address such concerns.

## CONCLUSION

For the reasons stated above, the Court dismisses this action for lack of subject matter jurisdiction. Respondents' motion to dismiss (Dkts. 12, 13) is granted. Teran Rivera's emergency motions (Dkts. 3, 4) are dismissed as moot. The Clerk of Court shall close this case.

SO ORDERED.

Dated:   April 22, 2021
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE